2024 IL App (2d) 230457-U
No. 2-23-0457
Order filed January 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-699 |
| JOSEPH R. WOLF, | ) ) ) | Honorable Theodore S. Potkonjak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BIRKETT delivered the judgment of the court.
Presiding Justice McLaren and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The State did not file a subsequent petition to detain under the Code of Criminal Procedure of 1963 where its earlier petition had been voluntarily withdrawn prior to ruling.

¶ 2    Defendant, Joseph R. Wolf, timely appeals the circuit court's order of pretrial detention pursuant to Public Acts 101-562 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] For the reasons below, we affirm.

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or the Pretrial Fairness Act. However, none of these names appear within the Illinois

¶ 3                    I. BACKGROUND

¶ 4    On May 10, 2023, the State charged defendant, Joseph R. Wolf, with five counts of unlawful delivery of a controlled substance (720 ILCS 646/55(a)(2)(B), (C), (E) (West 2022)) and five counts of unlawful possession of methamphetamine (720 ILCS 646/60(b)(2), (3), (5) (West 2022)). On October 4, 2023, the State filed its verified petition to detain pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (720 ILCS 5/110-6.1 (West 2022)). According to the petition, defendant was "charged with a non-probationable drug offense under 720 ILCS 570/407(b) and no condition or combination of conditions [could] mitigate the real and present threat to the safety of any person or persons or the community based on the specific facts of the case."

¶ 5    On October 27, 2023, the court held a hearing on the State's petition. During the hearing, the State described how, "over the course of several months, *** defendant sold methamphetamine to undercover Lake County Metropolitan Enforcement Group agents." According to the State, the total amount of methamphetamine sold was "over 400 grams," which had a "street value" of approximately $55,000. At the hearing, the State also discussed defendant's criminal history as a "basis for [their] petition to detain," which included convictions for residential burglary, burglary, obstruction of justice, and battery.

¶ 6    Following the State's proffer, defendant argued that, in contradiction to the State's verified petition, defendant was not charged with a non-probationable drug offense under section 407(b) of the Illinois Controlled Substances Act (Drug Act) (720 ILCS 570/407(b) (West 2022)), which involves the sale of drugs in or near a school zone. Therefore, defendant argued the State had failed to make a showing that defendant could be detained under the Act. After some review, the State

_____

Compiled Statutes or public acts.

disclosed that it did not "believe there[ was] a basis to detain under the way that the *** Act [was] written." Consequently, the State requested leave to withdraw the petition to detain. The court granted the State's request, and it placed defendant on pretrial release with certain conditions.

¶ 7       The afternoon after the hearing, the State once more filed a verified petition to detain for the same charges underlying defendant's indictment. However, unlike the State's October 4, 2023, petition, the State's October 27, 2023, petition was premised on the argument that "[d]efendant's pre-trial release would pose a real and present threat to the safety of a person, persons or the community." On November 1, 2023, defendant filed a motion to dismiss the State's October 27, 2023, petition, arguing that, pursuant to section 110-6.1(d)(2) of the Code (725 ILCS 5/110-6.1(d)(2) (West 2022)), any second or subsequent petition for detention filed by the State must include new facts that were unknown at the time the State filed an initial petition for detention. Because the State's October 27, 2023, petition did not disclose any facts distinct from those listed in its October 4, 2023, petition, defendant reasoned that the October 27 petition must be dismissed.

¶ 8       Also on November 1, 2023, the court held a hearing on both the State's October 27 petition and defendant's motion to dismiss. During the hearing, the State argued that, while presenting its earlier petition, it mistakenly sought detention under section 110-6.1(e)(4) of the Code, when it should have instead sought detention under section 110-6.1(a)(1). The State renewed its proffer from the earlier hearing, describing how, between April and November 2023, defendant sold approximately $55,000 worth of methamphetamine to undercover officers.

¶ 9       Defendant argued that the State's October 27 petition "c[ould] only be characterized as a subsequent or second petition," meaning that, under section 110-6.1(d)(2), the State was required to set forth new facts justifying defendant's detention. Because "no new facts were elicited," as evidenced by the State's renewed proffer, defendant urged the court to dismiss the State's petition. In rebuttal, the State contended that, in order for a petition to be considered a "subsequent petition"

under section 110-6.1(d)(2), the court must first rule on an earlier petition to detain. Because the State withdrew its petition before ruling, it reasoned that the instant petition did not qualify as a "subsequent petition" under section 110-6.1(d)(2). The court ultimately agreed with the State, reasoning that the earlier petition had essentially been withdrawn by mistake. The court went on to find, by clear and convincing evidence, that the proof was evident and the presumption great that defendant committed the underlying offense, and that no condition or combination thereof could mitigate the real and present threat to the safety of any person or persons. After finding that no other "suitable forms of nondetention or conditions" could "adequately protect the community," it granted the State's petition and ordered that defendant be detained. Defendant timely appeals under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023).

¶ 10                                    II. ANALYSIS

¶ 11    The Code provides that pretrial release may be denied only in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). In filing a petition to deny a defendant pretrial release, the State carries the burden of proving, by clear and convincing evidence, that: (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense under section 110-6.1 of the Code; (2) the defendant's pretrial release poses a real and present threat to any person or the community based on the specific facts of the case; and (3) no condition or combination of conditions would mitigate such a threat. 725 ILCS 5/110-6.1(a), (f) (West 2022). If a court denies a defendant pretrial release, it must make a written finding summarizing why less restrictive conditions would not mitigate the threat of harm or flight. 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 12    In reviewing whether a trial court erred in detaining a defendant under the Act, our standard of review is two-fold:

> "We review under the manifest-weight-of-the-evidence standard the trial court's factual findings regarding whether the State presented clear and convincing evidence that

- 4 -

mandatory conditions of release would fail to protect any person or the community, the defendant has a high likelihood of willful flight to avoid prosecution, or the defendant failed to comply with previously issued conditions of pretrial release thereby requiring a modification or revocation of the previously issued conditions of pretrial release. [Citations.] *** We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release." *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.

Moreover, questions concerning purely statutory interpretation are reviewed *de novo*. *People v. Rios*, 2023 IL App (5th) 230724, ¶ 8.

¶ 13    Before turning to the merits, however, we briefly address the State's November 29, 2023, motion to dismiss the appeal. In the motion, the State argues that defendant's notice of appeal is insufficient under *People v. Inman*, 2023 IL App (4th) 230864, because it lacks any discussion as to the grounds for defendant's requested relief as required by Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023). Specifically, the State contends that, because defendant only checked boxes on the form notice of appeal promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023), without further elaborating as to the grounds for his requested relief, *Inman* compels us to dismiss the appeal.

¶ 14    Because *Inman* is clearly distinguishable, we disagree. There, the defendant filed a form notice of appeal under the Act, on which defendant checked a box indicating that the State had failed to meet its burden of showing that the defendant should be detained. *Inman*, 2023 IL App (4th) 230864, ¶ 8. Despite the form notice including space for the defendant to elaborate this claim, the "defendant made no further reference to the record or the facts presented at the hearing or through exhibits, made no additional argument, and cited no authority in support of his claim." *Id.* The defendant elected not to file a memorandum in support of his appeal. *Id.*, ¶ 6. Because the

defendant did not detail his arguments either through the form notice or through a memorandum, the *Inman* court found that it "[could not] be expected to formulate an argument for defendant out of whole cloth." *Id.*, ¶ 13. Here, on the other hand, defendant clearly argued in the notice that the trial court erred in allowing the State to file a subsequent petition without alleging any new facts supporting detention.[2] Furthermore, here, defendant has filed a memorandum in support of his appeal. Accordingly, we find *Inman* to be inapplicable and deny the State's motion to dismiss.

¶ 15    Turning to the merits, defendant's sole contention in his appeal is that, pursuant to section 110-6.1(d)(2) of the Code, the trial court was required to deny the State's October 27, 2023, petition because it was premised on the same facts underlying the State's October 4, 2023, petition.[3] The State, on the other hand, argues that, by voluntarily withdrawing the October 4, 2023, petition before the trial court ruled, the petition should be treated as a nullity. For this reason, the State argues that its October 27, 2023, petition cannot be considered a "subsequent petition" under the Code.

¶ 16    We agree with the State. Pursuant to the Code, "[i]f the State seeks to file a second or subsequent petition under this Section, the State shall be required to present a verified application setting forth in detail any new facts not known or obtainable at the time of the filing of the previous petition." 725 ILCS 5/110-6.1(d)(2) (West 2022). Our reading of this language suggests that the purpose of section 110-6.1(d)(2) seems to be to prevent the State from taking the proverbial second

_____

[2]While not altogether clear, the State seems to suggest that, because this argument was misplaced on the form, it should be disregarded.

[3] Because defendant has elected to file a memorandum, we refer only to it, and not his notice of appeal, in ascertaining his contentions. *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42.

bite of the apple where no new facts justify overturning a trial court's prior decision to grant a defendant pretrial release.

¶ 17　　Here, on the other hand, the record establishes that the trial court never issued a decision as to the State's October 4, 2023, petition before it was voluntarily withdrawn. Otherwise put, the State selected its apple, but withdrew it before taking a bite. Thus, defendant was left in the same situation he would have found himself if the State had not filed any petition at all. For this reason, it seems irrational to utilize section 110-6.1(d)(2) to prevent the State from taking a second bite of the apple, where the record makes clear that the State was never afforded a first bite. For this reason, we agree with the State that section 6.1(d)(2) presupposes that an initial petition be ruled upon prior to the filing of a "subsequent petition." Despite defendant's arguments to the contrary, we do not see how this reasoning would render section 110-6.1(d)(2) itself a nullity, as the provision would still apply wherever a trial court *does* rule on a petition to detain.[4]

¶ 18　　Defendant also argues that this interpretation of section 110-6.1(d)(2) contradicts a plain reading of the section, which contains no language specifically stating that, for purposes of the Code, a "verified petition" must first be ruled upon before a "subsequent petition" can be filed. However, as the State argues, Illinois courts have routinely held that, where one voluntarily withdraws a petition in other contexts—for example with regards to postconviction petitions—the

---

[4] Defendant also argues that, because he was granted pretrial release prior to the State's filing of the October 27, 2023, petition, he could not thereafter be detained unless he had committed a crime after he had been released. 725 ILCS 5/110-6(a) (West 2022). However, this argument presupposes that the trial court heard and denied the State's October 4, 2023, petition to detain. Because the earlier petition was a nullity, this was not the case, and defendant's argument must be rejected.

parties are left in a position as if the petition had never been filed at all. *People v. English*, 381 Ill. App. 3d 906, 909 (2008) ("When a court allows a defendant to voluntarily withdraw an initial postconviction petition, the defendant can refile and reinstate the petition and have it treated as the original"). We presume the legislature was aware of the manner in which courts treat withdrawn petitions when they drafted section 110-6.1(d)(2). See *People v. Hickman*, 163 Ill. 2d 250, 262 (1994).

¶ 19                                     III. CONCLUSION

¶ 20    For all of these reasons, we affirm the judgment of the circuit court of Lake County.

¶ 21    Affirmed.